UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04792-MCS-RAO | Date | December 19, 2023 |
| Title | Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Rancho Paving, Inc. | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION FOR WITHDRAWAL (ECF NO. 54) AND MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)

Defendants' counsel, Sharmila Parkman, moves to withdraw from representation of Defendants Ernesto Monzon and Rancho Paving, Inc. (Mot., ECF No. 54.) The Court ordered Defendant Rancho Paving, Inc. to file a report regarding the status of its search for counsel by October 2, 2023, (Order, ECF No. 57), and Defendant filed such report, (Rep., ECF No. 58). Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company ("Trust Funds") responded to the report. (Response, ECF No. 59.)

Separately, Plaintiff Trust Funds moves for partial summary judgment as to liability on all claims against Defendants Monzon and Rancho Paving, Inc., an injunction to report and pay contributions, and reference of damages to a master pursuant to Fed. R. Civ. P. 53. (MSJ 1, ECF No. 51.) Defendants timely opposed. (Opp'n, ECF No. 60.)[1] Plaintiff filed a reply. (Reply, ECF No. 61.)

---

[1] Plaintiff argues that the Court should decline to consider the Opposition because it was not served on Plaintiff until 12:02 a.m. and Plaintiff "suffered actual prejudice from this late service, by shortening the time to prepare" their Reply. (Reply 1 n.2.) The Court finds that the late filing constitutes excusable neglect because it was filed

For the reasons below, the Court denies both the motion to withdraw and the motion for summary judgment.

I.   **Background**

This is a dispute over the purported delinquent contributions to benefit trust funds pursuant to a collective bargaining agreement. Plaintiff Trust Funds alleges that it is an administrator of and agent for collection for various employee benefits plans. (Compl. ¶ 3, ECF No. 1.) Defendant Rancho Paving, Inc. is a construction contractor. (*Id.* ¶ 5.) Defendant Ernesto Monzon is the CEO, a director, and a principal shareholder of Defendant Rancho Paving, Inc. (*Id.* ¶ 6.) Defendant Rancho Paving, Inc. executed an agreement that bound it to make contributions to the Trust Funds and submit itself to audits, among other obligations. (*Id.* ¶ 20–28.)

Plaintiff alleges that Defendants failed to make all required contributions to the Trust Funds and failed to submit itself to an audit. (*Id.* ¶¶ 29–31.)

II.  **Motion for Withdrawal**

"An attorney may not withdraw as counsel except by leave of court. . . . The motion for leave to withdraw must be supported by good cause." C.D. Cal. R. 83-2.3.2. The decision to grant or deny leave to withdraw is within the discretion of the district court. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (evaluating order denying withdrawal for abuse of discretion). In evaluating a motion to withdraw, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Clasby v. Ivanovic*, No. 2-18-cv-02313-ODW (JPRx), 2020 WL 6450287, at *2 (C.D. Cal. Nov. 3, 2020) (internal quotation marks omitted).

The Court finds no good cause to relieve Ms. Parkman of her representation of Defendants. Ms. Parkman seeks to withdraw because she had "been unsuccessful in discussing the case with Mr. Monzon for several months." (Parkman Decl. ¶ 2,

---

in good faith before the Court's deadline, without prejudice to Plaintiff, and with minimal impact on the proceedings. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

ECF No. 54-1.) Ms. Parkman declares that she sent three communications to Mr. Monzon in July and August without response. (*Id.* ¶¶ 3, 5.) That said, Ms. Parkman said at the hearing that the issue was primarily one of payment and that there was no disagreement as to case strategy, and Mr. Monzon said that he expected to be able to pay Ms. Parkman. As such, the Court finds that the first factor weighs toward denial.

The Court also finds that the other factors weigh toward denying withdrawal. Granting withdrawal may harm the administration of justice as Defendant Rancho Paving, Inc. cannot proceed pro se as a corporation, *see United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993), and Defendant Rancho Paving, Inc.'s failure to secure legal counsel could result in the entry of default, (Order Re: Request to Withdraw 2, ECF No. 57). Granting withdrawal would also delay the case and prejudice the Plaintiff. *See Experience Hendrix, LLC v. Pitsicalis*, No. 18-cv-7429, 2020 WL 2748019, at *1 (C.D. Cal. Mar. 25, 2020). Thus, the Court finds that the factors weigh in favor of denying withdrawal, and the motion is denied.

## III. Motion for Partial Summary Judgment

### a. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden,

> [t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

But a court is not required to grant summary judgment even when it appears that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56 advisory committee's note on 2007 amendments (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256–57 (1948) ("It is established that although there is no discretion to enter summary judgment when there is a genuine issue of material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact.")). A court has discretion to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255; *see also* 10A Mary Kay Kane & Adam N. Steinman, *Federal Practice & Procedure (Wright & Miller)* § 2728 (4th ed. Apr. 2023 update).

### d.  Discussion

Plaintiff requests relief that that Court cannot grant. Plaintiff asks that the Court enter partial summary judgment and refer the matter to a master pursuant to Fed. R. Civ. P. 53(a)(1)(B)(ii). Under that rule, the Court "may appoint a master only to . . . hold trial proceedings and make or recommend findings of fact on issues to be decided *without a jury* if appointment is warranted by . . . the need to perform an accounting or resolve a difficult computation of damages." This case is scheduled for a jury trial. (*See, e.g.*, Joint Rule 26(f) Report Ex. A, ECF No. 30-1 (checking box for jury trial); Order Re: Jury Trial 3, ECF No. 33.)

In many Employee Retirement Income Security Act (ERISA) cases, such as those to recover benefits, the remedies are equitable in nature and confer no right to a jury trial. *See Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 995–97 (9th Cir. 2000). But several courts—including the Third and Seventh Circuit Courts of Appeal—have held that a right to a jury trial exists for ERISA actions to recover delinquent contributions arising from collective bargaining agreement. *See Bugher v. Feightner*, 722 F.2d 1356, 1360 (7th Cir. 1983); *Sheet Metal Workers Loc. 19 v. Keystone Heating & Air Conditioning*, 934 F.2d 35, 39 (3d Cir. 1991); *see also Or. Laborers-Emps. Tr. Funds v. Pac. Fence & Wire Co.*, 726 F. Supp. 786, 787–88 (D. Ore. 1989).

While the Ninth Circuit has not directly addressed whether a right to a jury trial exists in ERISA actions to recover delinquent contributions, it has "recognized the distinction between employee benefit claims and employer contribution claims." *Id.* at 788. In *Transamerica Occidental Life Insurance Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir. 1987), the Ninth Circuit cited *Bugher* when discussing whether an ERISA action seeking declaratory judgment was legal or equitable:

> In some cases, actions by ERISA beneficiaries to recover benefits are equitable for jury trial purposes. But these cases involve pension suits against plan trustees, and their holdings turn on trust law rules under which such suits were previously heard in equity. In such cases, the question presented is whether the trustee's conduct or interpretation of his duties was arbitrary or capricious, a question traditionally for judges rather than juries. Where an ERISA action is not of this pension-trust type, these cases do not apply. *See Bugher v. Feightner*, 722 F.2d 1356, 1360 (7th Cir.1983), *cert. denied*, 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). Here, no deference would be owing to Transamerica's construction of its own policy's terms. Furthermore, DiGregorio has a legal remedy against Transamerica for money immediately and unconditionally payable. As against Transamerica, defendant's claim for benefits sounds essentially in contract, not in trust. It is no less legal in nature simply because the policy was purchased pursuant to an ERISA plan.

811 F.2d at 1251–52 n.2 (citations omitted). This language "suggests that the Ninth Circuit would follow *Bugher* if presented with the question in this case." *Pac. Fence*, 726 F. Supp. at 788.

Therefore, the Court finds that Defendants Monzon and Rancho Paving, Inc. are entitled to a jury trial of the legal issues in this action and that referral to a master for damages calculations pursuant to Fed. R. Civ. P. 53(a)(1)(B)(ii) would be improper.

Given that the Court cannot refer the damages calculation to a master, granting partial summary judgment as to liability now would do little to save the Court's time. Even if the Court were to grant partial summary judgment as to liability, the Court would still have to proceed to a damages trial. And the damages portion of the evidence seems to be the bulk of the evidence at any full trial. *See Elliott v. Elliott*,

49 F.R.D. 283 (S.D.N.Y. 1970) ("[Summary judgment's] purpose is totally frustrated if determination of the motion would require as much time as a full trial on the merits.")

Further, Defendants represent that they have possible affirmative defenses, including fraud, unclean hands, waiver, estoppel, and breach of the covenant of good faith and fair dealing,[2] (Opp'n 6), though Defendants do not even attempt to align the facts they articulate to the requirements of those defenses. (*See id.* 6–8.) The Court finds that these "legal issues can be intelligently resolved only upon a fully developed record." *Anthony Grace & Sons, Inc. v. United States*, 170 Ct. Cl. 688, 691 (1965), *judgment rev'd on other grounds*, 384 U.S. 424 (1966) (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)); *Pac. Am. Fisheries, Inc. v. Mullaney*, 191 F.2d 137 (9th Cir. 1951).

For these reasons, Plaintiff's motion for partial summary judgment and referral to a master is denied.

**IT IS SO ORDERED.**

---

[2] The Court notes that this an ERISA case, not a breach of contract case. As such, "[f]ederal common law governs the interpretation of the CBAs at issue in this litigation," not the state contract law Defendants cite. *Trs. of Operating Eng'rs Pension Tr. v. Smith-Emery Co.*, 906 F. Supp. 2d 1043, 1054 (C.D. Cal. 2012). Thus, "[a] party who signs a written agreement is bound by its terms, even though the party neither reads the agreement nor considers the legal consequences of signing it." *Emp. Painters' Tr. v. J & B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996). "Parties to a collective bargaining agreement are conclusively presumed to have equal bargaining power, and union agents have no duty to explain to employers the terms, conditions, or consequences of a collective bargaining agreement." *Id.* "For reasons of public policy, traditional contract law does not apply with full force in actions brought under . . . [ERISA] to collect delinquent trust fund contributions." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986). For example, fraudulent inducement "is not a legitimate defense to the Trust Funds' suit for delinquent contributions." *S. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1266 (9th Cir. 1984).